```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
TEST MASTERS EDUCATIONAL SERVICES,        :
INC.,                                     :
                                          :
                        Plaintiff,        :
                                          :
            v.                            :   06-CV-11407 (BSJ)
                                          :
NYP HOLDINGS, INC.,                       :
d/b/a NEW YORK POST, and HEIDI SINGER     :
                                          :
                        Defendant.        :
------------------------------------------x
```



**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

I.  **Factual Background**

Plaintiff Test Masters Educational Services, Inc. ("Test Masters"), a Texas corporation that offers test preparation classes,[1] brings suit against NYP Holdings ("NYP") and Heidi Singer for an allegedly libelous article, published in The New York Post (the "Post") and written by Singer, who was formerly employed as a reporter for the Post. Defendants argue that the article is absolutely privileged under New York Civil Rights Law §74, which provides that "[a] civil action cannot be maintained

---

[1] Test Masters is in the business of offering preparatory classes to individuals planning on taking certain tests, including the LSAT. In the time of its existence, Test Masters has been involved in litigation in other courts regarding use of the name Test Masters and plaintiff acknowledges past allegations of confusion regarding its use of that name. Specifically, a competitor, Robin Singh Educational Services ("Singh"), has alleged that use of the name "Test Masters" violated Singh's rights and confused students. Test Masters asserts that it has "repeatedly" prevailed in litigation against Singh and plaintiff points to rulings in its favor by the District Court for the Southern District of Texas and of the Fifth Circuit.

. . . for the publication of a fair and true report of [any] official proceeding." Defendants therefore move to dismiss. That motion is GRANTED.

Plaintiff alleges that on October 26, 2005, the Post published an article written by Singer that was "false, defamatory, malicious, and libelous." The article in question is four paragraphs long and is entitled "LSAT CRAM 'SCAM' BARED" (the "article" or the "Post article"). It reads in its entirety:

> Future law students are being fooled into forking over $1,100 for the wrong prep course by a company bearing the same name as the popular "Testmasters," a state watchdog warned yesterday.
>
> The Consumer Protection Board has demanded a Texas company called "Test Masters" – which has a space in its name – refund fees to 17 students who mistakenly took its month-long LSAT preparation course at Hunter College in August. The students dropped out once they realized their mistake.
>
> The original California-based program, which enrolls 600 to 700 New York students each year, provides multiple textbooks, 80 hours of instruction, a toll-free helpline and instructors who've scored in the top 1 percent on the LSAT law-school entrance test, according to company CEO Robin Singh.
>
> Robert Israni, president of the Texas firm, said he never misled anyone.

**II.  Procedural Posture**

Test Masters commenced this action seeking compensatory and punitive damages on October 26, 2006. It named Singer and NYP as defendants. Defendants moved for dismissal of the action

2

pursuant to Fed. R. Civ. P. 12(b)6 for failure to state a claim upon which relief can be granted. Because Defendants' motion included declarations and additional exhibits outside of the pleadings, Defendants asked that the motion be converted to one for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff opposed that motion and submitted a Cross-Motion for Discovery under Fed. R. Civ P. 56(f).

In their motion, Defendants argued that the Post article is absolutely privileged under New York Civil Rights Law §74. Section 74 provides that "[a] civil action cannot be maintained . . . for the publication of a fair and true report of [any] official proceeding, or for any heading of the report which is a fair and true headnote of the statement published." New York Civil Rights Law §74. Defendants asserted that (1) New York law governed the dispute and, thus, Section 74 applied; (2) the New York Consumer Protection Board (the "CPB") conducted an investigation of Test Master which it subsequently publicized in a press release (the "CPB press release"); (3) the CPB investigation and press release constituted an "official proceeding" for the purposes of Section 74; and (4) that the Post article represented a "fair and true report" of the CPB investigation and press release.

In opposition, Plaintiff argued that Texas law governed the dispute and, thus, the New York privilege did not apply.

Additionally, while "conced[ing] that the NYCPB press release was an 'official proceeding' for the purposes of Section 74", plaintiff argued that defendants were not entitled to the Section 74 privilege because a reasonable jury could conclude that the article was not a fair and true report of the CPB press release. Plaintiff also sought discovery concerning whether New York or Texas law governed the dispute and whether defendants were entitled to Texas' qualified privilege.

This court issued its opinion on September 19, 2007, holding: (1) that New York law governed the dispute; and (2) that, because the CPB press release was integral to plaintiff's claims, defendants' Rule 12 motion need not be converted to a motion to dismiss under Rule 56 in order for the court to consider the press release; but (3) that because there existed a dispute as to which party had submitted the true and correct copy of the press release, the court could not render a decision at that time with regard to either party's motion.

Pursuant to this court's subsequent September 28, 2007 order, the parties conducted limited discovery regarding which press release, in fact, formed the basis of the article. Following discovery, the parties now agree that Singer relied in her article upon a version of the CPB Press Release emailed from former CPB Director of Marketing and Public Relations Jon

4

Sorenson ("Sorenson") to Singer on October 25, 2005.[2] The subject of Sorenson's October 25, 2005 email is "draft release." There is no text in the email and it attaches a word document entitled, "testmasters confusion.doc." While the attached file is in the form of a CPB Press Release, it is dated "For Immediate Release: Oct. xx, 2005". This dating and the subject line of Sorenson's email make it clear that the version of the release relied upon is a draft document. In his deposition testimony, Sorenson stated that he released a different version of the CPB Press Release in a "blast" email to members of the press on October 25, 2005, the day the Post article was published and a day after his email to Singer.

In light of the fact that the Post article relied on a draft press release, plaintiff now argues that the CPB press release was not an "official proceeding" for purposes of Section 74. Additionally, plaintiff maintains its position that the Post article is not a true and fair report of the press release. Defendants seek dismissal on the grounds that the Post article

---

[2] On November 29, 2007, Singer submitted a Declaration in Further Support of Defendants' Motion to Dismiss, in which she declared:
> I have recently been shown an October 25, 2005 e-mail sent by [former CPB Director of Marketing and Public Relations Jon] Sorenson . . . Attached to that e-mail is a version of the Press Release that is different in certain respects from the version I submitted with my [previous] Declaration. I have no reason to doubt that the precise version of the Press Release that I relied on while preparing the Article is the version attached to Sorenson's October 25, 2005 email to me.

Singer Further Dec. ¶ 7.

5

is privileged under Section 74 as a true and fair report of an official proceeding.

## II. Discussion

New York law provides that a "civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding." N.Y. Civil Rights Law § 74.

### A. The Post Article is a Report of an "Official Proceeding"

New York courts have broadly construed the meaning of an official proceeding as used in Section 74. Easton v. Public Citizens, Inc. No. 91 Civ 1639 (JSM), 1991 WL 280688, at *1 (S.D.N.Y. Dec. 26, 1991), aff'd 969 F.2d 1043 (2d Cir. 1992). The test "is whether the report concerns actions taken by a person officially empowered to do so." Freeze Right Refrigiration & Air Conditioning Services, Inc. v. City of New York, 101 A.D.2d 175, 182 (N.Y. App. 1st Dep. 1984). New York Courts have found that "an administrative agency investigation into activities within its purview is an 'official proceeding.'" Simpson v. The Village Voice, Inc., No. 0118713/2006, 2007 WL 2815376, at *12 (Sup. Ct. N.Y. Co. Aug. 7, 2007).

As noted, initially, Plaintiff conceded that the Post article was based on an official proceeding. It now contests that fact on the ground that the article is based on a draft

6

press release. Plaintiff's argument is unavailing. The official proceeding in this case was the CPB investigation, not the press release. Whether Singer and the Post learned of the investigation through an official press release or a draft release or some other means, a fair and accurate report of the investigation is privileged under Section 74.

Section 74 has been held to protect reports of, inter alia, an investigation of the New York State Commission on Quality of Care for the Mentally Disabled regarding the finances of a Brooklyn psychiatric facility, Easton, 1991 WL 280688; an investigation by the New York City Department of Consumer Affairs into the practices of air conditioner repair shops, Freeze Right Refrigiration, 101 A.D.2d 175; a district attorney's investigation, Baumann v. Newspaper Enterprises, Inc., 270 A.D. 825 (N.Y. App. Div. 2d Dep. 1946); an internal governmental investigation of the Civil Works Administration, Farrell v. New York Evening Post, Inc., 3 N.Y.S.2d 1018 (N.Y. Sup. Ct. 1938); and an FBI investigation into activities of alleged Communists, Law Firm of Daniel P. Foster, P.C. v. Turner Broadcasting Systems d/b/a CNN, 844 F.2d 955 (2d Cir. 1988). Given the range of investigatory proceedings that have been held to be official proceedings for purposes of Section 74, there can be no doubt that the investigation of a consumer protection agency into consumer complaints constitutes an official

proceeding. I find that the Post article is a report of an official proceeding for purposes of Section 74.

### B. The Post Article is "Fair and True"

The Court may also determine at this stage, with all relevant documents before it, whether the Post article constitutes a fair and true report of the CPB's investigation and press release. It does.

It is well settled under New York law that "[f]or a report to be characterized as 'fair and true' within the meaning of [Section 74], thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate." Holy Spirit Assn. for Unification of World Chistianity v. New York Times Co., 49 N.Y.2d 63, 67 (N.Y. 1979); McRedmond v. Sutton Place Restaurant and Bar, Inc., 48 A.D.3d 258, 259 (N.Y.A.D. 1 Dep't 2008). Moreover, "a fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated." Palmieri v. Thomas, 29 A.D.3d 658, 659 (N.Y.A.D. 2 Dep't 2006) (quoting Briarcliff Lodge Hotel, Inc. v. Citizen-Sentinel Publs., Inc., 260 N.Y. 106, 118 (N.Y. 1932)).

The entirety of the Post article is included above. It states that the CPB warned that "[f]uture law students are being fooled into forking over $1,100 for the wrong prep course by a

company bearing the same name as the popular 'Testmasters,' a state watchdog warned yesterday." This information is "substantially accurate" when compared to the report released by CPB, whether we review the draft or the final version. That report describes a warning issued by CPB addressing Plaintiff's test-preparation course, which the CPB determined was operating without adequate disclosure for students to distinguish between that course and another by the name of "TestMasters." The press release issued by the CPB included details as to Plaintiff's questionable practices as well as quotes from aggrieved students. The report indicated that the agency sought refunds for the students and disclosure guarantees from the Plaintiff. The Post article is "substantially accurate" in relaying this information.

    Plaintiff appears to take particular offense to the headline, "LSAT CRAM 'SCAM' BARED." An article's headline need only be a "fair index" of the "substantially accurate" material included in the article. Gunduz v. New York Post Co., Inc., 188 A.D.2d 294, 294 (N.Y.A.D. 1 Dep't 1992). A newspaper need not choose the most delicate word available in constructing its headline; it is permitted some drama in grabbing its reader's attention, so long as the headline remains a fair index of what is accurately reported below.

9

Use of the word SCAM in the article's headline is a fair index of the information included in the article, and is itself "substantially accurate" concerning CPB's investigation as described in the press release. Again whether we review the draft or the final version makes no difference.  Nor do the marks surrounding the word 'SCAM' cause concern---whether they suggest quotation or colloquialism, they do not alter the substance of the headline or the article.

Reading all the material challenged as libelous, the Court finds that the Defendant is firmly within the bounds of Section 74's "true and fair" privilege.

**Conclusion**

Defendant's motion to dismiss is GRANTED.

The Clerk of Court is ordered to close this case.


**SO ORDERED:**

_____
Barbara S. Jones
UNITED STATES DISTRICT JUDGE

New York, New York
February 26, 2008